REICH, REICH & REICH, P.C.
Counsel for the Defendant
235 Main Street, Suite 450
White Plains, New York 10601
(914) 949-2126
By: Jeffrey A. Reich
 jreich@reichpc.com


UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
In re:

      ROLANDO G. SANCHEZ,

                      Debtor.

Chapter 7

Case No. 14-22667(RDD)

-------------------------------------------------------------------X
IAN J. CURRIE,

                      Plaintiff,

  -against-

ROLANDO G. SANCHEZ,

                      Defendant.

Adv. Proc. No.14-08252(RDD)

-------------------------------------------------------------------X

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR
<u>SUMMARY JUDGEMENT</u>**

i

# TABLE OF AUTHORITIES

**CASES**

*Barnard v. Joffe (In re Inflight Newspapers, Inc.)*, 423 B.R. 6, 16 (Bankr. E.D.N.Y. 2010) ......... 2

*Bass v. Barber (In re Barber)*, 316 B.R. 391, 394 (Bankr. M.D. Ga. 2004) ................................. 8

*Bettijaine Gentry & Gentry Promotions, Inc. v. Kovler (In re Kovler)*, 249 B.R. 238, 256-57
    (Bankr. S.D.N.Y. 2000) ............................................................................................................ 7

*Buechel v Bain*, 97 NY2d 295, 303 ................................................................................................ 4

*Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) ............... 2

*Chevy Chase Bank, FSB v Harkins (In re Harkins)* 302 BR 927 (2003, Bankr. Ct. MD Ga) ........ 8

*Chitester v. Watterson (In re Watterson)*, 524 B.R. 445, 453 (Bankr. E.D.N.Y. 2015) ................. 7

*Crystal Clear Dev., LLC v Devon Architects of N.Y., P.C.*, 949 N.Y.S.2d 398 ............................. 5

*D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 667 ................................................. 5

*Denton v. Hyman (In re Hyman)*, 320 B.R. 493, 509 (Bankr. S.D.N.Y. 2005) ...................... 6, 7, 8

*Federal Ins. Co. v. Gilson (In re Gilson)*, 250 B.R. 226, 235 (Bankr. E.D. Va. 2000) .................. 4

*Heyman v. Commerce and Industry Co.*, 524 F.2d 1317, 1320 (2d Cir. 1975) .............................. 3

*In re Kaufman*, 85 B.R. 706, 710 (S.D.N.Y. 1988) ....................................................................... 5

*In re Princeton Industries, Inc.*, 39 B.R. 143, 144-145 (Bankr. S.D.N.Y. 1984) .......................... 3

*In re Spector*, 22 B.R. 226 (Bankr. N.D.N.Y. 1982 ...................................................................... 5

*Jaroslawicz v. Seedman*, 528 F.2d 727, 731 (2d Cir. 1975) ........................................................... 3

*Jeffreys v. Griffin*, 769 N.Y.S.2d 184 (2003) ................................................................................. 8

*Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455). ............................................................................ 4

*Luscher v Arrua*, 801 N.Y.S.2d 379 .............................................................................................. 4

*Matter of Halyalkar v Board of Regents of State of N.Y.*, 72 NY2d 261, 268) .............................. 5

*Mirarchi v. Nofer (In re Nofer)*, 514 B.R. 346, 355 (Bankr. E.D.N.Y. 2014) ................................ 6

*Mishkin v. Gurian (In re Adler, Coleman Clearing Corp.)*, 205 Fed. Appx. 856 (2d Cir. N.Y. 2006) ............................................................................................................................................ 8

*Peerless Ins. Co. v. Casey (In re Casey)*, 181 B.R. 763, 766 (Bankr. S.D.N.Y. 1995) ................... 6

*Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 444 (2nd Cir. 1980) ..................... 3

*Ross v Medical Liab. Mut. Ins. Co.*, 75 NY2d 825, 826 ................................................................ 5

*Ryan v New York Tel. Co.*, 62 NY2d 494, 500 .............................................................................. 4

*Sandak v. Dobrayel (in Re Dobrayel)*, 287 B.R. 3, 14 (Bankr. S.D.N.Y. 2002) ............................ 6

*Wallet v. Bendelac (In re Bendelac),* 2005 Bankr. LEXIS 3484 (Bankr. S.D.N.Y. Sept. 1, 2005). 7

*Zohlman v. Zoldan (In re Zoldan)*, 221 B.R. 79, 87 (Bankr. S.D.N.Y. 1998) ................................ 6

## **STATUTES**

11 U.S.C. § 523 (a)(4) ........................................................................................... 1, 2, 3, 6, 7, 8

Rule 56 of the Federal Rules of Civil Procedure .................................................................. 1, 2

Rule 7056 of the Federal Rules of Bankruptcy Procedure .................................................... 1, 2

## **RULES**

Local Rule 7056-1 ........................................................................................................................ 2

Roland Sanchez ("Sanchez" or "Defendant"), by and through his attorneys, Reich, Reich & Reich, P.C., respectfully submits this memorandum of law in opposition to the motion for summary judgment ("Motion") of Ian J. Currie ("Plaintiff") pursuant to Rule 56 of the Federal Rules of Civil Procedure, as made applicable to this adversary proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, seeking an order declaring his claim non-dischargeable under 11 U.S.C. § 523 (a)(4).

## PRELIMINARY STATEMENT

1. In or about March of 2007 the Plaintiff filed a Complaint against Sanchez, as well as other individuals and entities, in the New York State Supreme Court for the County of New York (the "State Court")(the "Compliant") seeking, *inter alia*, the rescission of the Settlement Agreement entered into on March 2, 2007 (the "Settlement Agreement"). Copies of the Complaint and the Settlement Agreement are annexed as Exhibits 1 and 2 respectively. The matter proceeded to trial, and after two (2) days of testimony and post-trial submissions by the Plaintiff the State Court rendered a decision setting forth certain factual findings (the "Findings"). A copy of the Findings is annexed as Exhibit 3. Thereafter, the State Court issued an Order (the "State Court Order" or "Order") directing Sanchez to file an accounting within thirty (30) days of entry, a copy of which is annexed as Exhibit 4.

2. Sanchez failed to account and as a result a judgment was entered against him in the amount of $2,201,780.48 (the "Judgment"), a copy of which is annexed as Exhibit 5.

3. In the Motion Plaintiff asserts that the Findings are incontrovertible evidence that Sanchez committed fraud or defalcation while acting in a fiduciary capacity and accordingly Plaintiff's Judgment should be determined non-dischargeable under 11 U.S.C. § 523 (a)(4).

4. As more fully set forth herein below the Motion should be denied on several grounds including, *inter alia,* that (a) the Plaintiff's claim arising from the Judgment was not a direct result of the fraud finding; and (b) collateral estoppel is not applicable in this case because the issues to be litigated differ from those decided by the State Court. Indeed, there are no findings in the State Court Order to establish that Sanchez was a fiduciary or committed defalcation under applicable federal law.

## STATEMENT OF RELEVANT FACTS

5. Defendant refers to and herein incorporates by reference his annexed Statement of Material Facts pursuant to Local Rule 7056-1.

## ARGUMENT

### Standard of Review for Summary Judgment

6. "Pursuant to Fed. R. Civ. P. 56(c), incorporated by Bankruptcy Rule 7056(c), summary judgment is warranted only upon a showing by the movant that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Barnard v. Joffe (In re Inflight Newspapers, Inc.)*, 423 B.R. 6, 16 (Bankr. E.D.N.Y. 2010) quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

7. The party seeking summary judgment has the burden of demonstrating the absence of any material factual issue in dispute. *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 444 (2nd Cir. 1980). The court in determining whether to grant a summary judgment motion must resolve all doubts in favor of the party opposing the motion. *Quinn,* 613 F.2d at 445, citing *Heyman v. Commerce and Industry Co*., 524 F.2d 1317, 1320 (2d Cir. 1975).

"The court cannot try issues of fact. It can only determine whether there are issues of fact to be tried." *Jaroslawicz v. Seedman*, 528 F.2d 727, 731 (2d Cir. 1975). See also *In re Princeton Industries, Inc.*, 39 B.R. 143, 144-145 (Bankr. S.D.N.Y. 1984).

### Plaintiff's Claim Arises from Sanchez's Failure to Account

8. 11 U.S.C. § 523(a)(4) provides that, a discharge under sections 727, 1141, 1228(a), 1228(b), or 1328(b) of [the bankruptcy code] [11 USCS § 727, 1141, 1228(a), 1228(b), or 1328(b)] does not discharge an individual debtor from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

9. Plaintiff's Judgment is predicated on Sanchez's failure to serve and file an accounting in accordance with the Order.

10. The Order, in pertinent part, provides the following:

> "This Court, having ordered on May 23, 2012 that defendant Roland Sanchez shall serve and file an accounting, under oath, of all funds received and distributed by Ceres Commodities Group LLC and/or Ceres Holdings Group LLC ("Ceres") from January 1, 2005 through the present, including all funds distributed to, or for the benefit of, Simon Glover or SIRO Foundation, and
>
> "This Court, having ordered that, in the event that defendant Roland Sanchez did not timely submit his accounting, plaintiff shall be entitled to entry of judgment against the defendant Roland Sanchez in the amount of $1,472,620.00 plus interest at the rate of 9% per annum from March 2, 2007 to the date of entry of judgment, plus $2,165.03 to cover travel related out of pocket expenses as directed in the Order of the Court dated October 11, 2011, and to recover the Costs of this Action, to be taxed by the Clerk upon submission of an appropriate Bill of Costs, and..."

11. A finding of non-dischargeability of a claim is appropriate when "…the original obligation was incurred fraudulently, not because a debtor was recalcitrant in admitting his obligation or in honoring it." *Federal Ins. Co. v. Gilson (In re Gilson)*, 250 B.R. 226, 235 (Bankr. E.D. Va. 2000). Here, the Plaintiff's claim did not arise as a the result of the State Court's finding of fraud rather it was the result of Sanchez's failure to file and serve an accounting,

which Sanchez submits is more akin to a default judgment then a true assessment of liability after the conclusion of trial.

12. Assuming *arguendo* that Sanchez filed an accounting the State Court would have been presented with evidence that Plaintiff received a large tax refund in the amount of at least $667,349.82 through Dundee on account of Ceres thereby offsetting his claim against Ceres for repayment of his equity.

13. Simply put, there is nothing in the Findings, the Order or the Judgment to establish that Plaintiff's claim was on account of Sanchez's fraud or defalcation while acting in a fiduciary capacity.

## **Collateral Estoppel is Not Applicable**

14. "The doctrine of collateral estoppel . . . precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party or those in privity, whether or not the tribunals or causes of action are the same." (*Ryan v New York Tel. Co*., 62 NY2d 494, 500),; see *Buechel v Bain*, 97 NY2d 295, 303,).

15. "The two elements that must be satisfied to invoke the doctrine of collateral estoppel are that (1) the identical issue was decided in the prior action and is decisive in the present action, and (2) the party to be precluded from relitigating the issue had a full and fair opportunity to contest the prior issue." (*Luscher v Arrua*, 801 N.Y.S.2d 379; see *Kaufman v Eli Lilly & Co*., 65 NY2d 449, 455).

16. "Preclusive effect, however, will only be given where the particular issue was actually litigated, squarely addressed and specifically decided'" (*Crystal Clear Dev., LLC v*

*Devon Architects of N.Y., P.C.*, 949 N.Y.S.2d 398, quoting *Ross v Medical Liab. Mut. Ins. Co.*, 75 NY2d 825, 826).

17. "Generally, for a question to have been actually litigated so as to satisfy the identity requirement, it must have been properly raised by the pleadings or otherwise placed in issue and actually determined in the prior proceeding." (*D'Arata v New York Cent. Mut. Fire Ins. Co.*, 76 NY2d 659, 667, quoting *Matter of Halyalkar v Board of Regents of State of N.Y.*, 72 NY2d 261, 268).

18. "A bankruptcy court cannot give collateral estoppel effect to a prior state court adjudication if the issue before the bankruptcy court differs from the issue which was before the state court. The standards employed by the state court in reaching its decision must comport with federal standards. To insure such an identity of standards, a bankruptcy court must scrutinize the entire record of the state court proceedings." *In re Spector*, 22 B.R. 226 (Bankr. N.D.N.Y. 1982).

19. The legal issues to be determined by the Court in this proceeding arise under the Bankruptcy Code and are not identical to those decided by the State Court. Plaintiff's Judgment was the result of his default on the Order to file and serve an accounting not from the misrepresentation he was determined to have made to induce Plaintiff to enter into Settlement Agreement.

**As to Fiduciary Capacity**

20. "The issue of fiduciary status for purposes of section [523(a)(4)] is one of federal law…" *In re Kaufman*, 85 B.R. 706, 710 (S.D.N.Y. 1988). "The meaning of fiduciary capacity under Federal law is narrower than under the more general common law or state law definitions." *Denton v. Hyman (In re Hyman)*, 320 B.R. 493, 509 (Bankr. S.D.N.Y. 2005) "The term is narrowly construed to include only relationships arising out of express or technical trusts, or

statutorily imposed trusts. It does not extend to constructive, implied or resulting trusts." *Peerless Ins. Co. v. Casey (In re Casey)*, 181 B.R. 763, 766 (Bankr. S.D.N.Y. 1995) see also *Sandak v. Dobrayel (in Re Dobrayel)*, 287 B.R. 3, 14 (Bankr. S.D.N.Y. 2002).

21. The State Court Order provides a general finding "that defendant [Sanchez] owed plaintiff a fiduciary duty due to defendant's [Sanchez's] day-to-day involvement in the business of Ceres." (Order pg.22). It is submitted that it cannot be determined as a matter of law whether the generalized fiduciary duty finding of the State Court meets the more stringent standard necessary under the applicable Federal Law.

22. Further, "the mere existence of a fiduciary relationship is not sufficient to deny dischargability under Section 523(a)(4). The Court must also make a finding that the debtor-defendant was "acting in a fiduciary capacity" with respect to the particular conduct giving rise to the liability which is claimed to be non-dischargeable." *Zohlman v. Zoldan (In re Zoldan)*, 221 B.R. 79, 87 (Bankr. S.D.N.Y. 1998).

23. The Findings and State Court Order did not determine whether Sanchez's fiduciary relationship arose from an express or technical trust with the Plaintiff. A fiduciary relationship in and of itself does not meet the necessary elements to establish a fiduciary duty under federal law when determining a claim under 11 U.S.C. § 523 (a)(4).

**As to Defalcation**

24. "Defalcation requires an intentional wrong, which includes both knowingly improper and reckless behavior as defined by the Model Penal Code." *Mirarchi v. Nofer (In re Nofer)*, 514 B.R. 346, 355 (Bankr. E.D.N.Y. 2014). "[M]ere negligence, without some element of intentional wrongdoing, breach of fiduciary duty or other identifiable misconduct, does not

constitute 'defalcation' within the meaning of section 523(a)(4)." *Wallet v. Bendelac (In re Bendelac),* 2005 Bankr. LEXIS 3484 (Bankr. S.D.N.Y. Sept. 1, 2005).

25. "In determining whether the Debtor had the requisite state of mind to meet the defalcation standard, the Court looks at the witness's credibility and the evidence presented." *Chitester v. Watterson (In re Watterson)*, 524 B.R. 445, 453 (Bankr. E.D.N.Y. 2015) "It is universally recognized that deportment and demeanor are significant in assessing the credibility of a witness." *Bettijaine Gentry & Gentry Promotions, Inc. v. Kovler (In re Kovler)*, 249 B.R. 238, 256-57 (Bankr. S.D.N.Y. 2000).

26. The State Court Findings are not determinative as to whether Sanchez committed defalcation as there are no findings that Sanchez committed any intentional wrongdoing or had the requisite state of mind to constitute defalcation within the ambit of 11 U.S.C. § 523 (a)(4).

27. There is no finding by the State Court of any misconduct as it relates to the accounting claim. As illustrated by the Court in *Denton,* defalcation "does not reach fiduciaries who may have failed to account for funds or property for which they were responsible only as a consequence of negligence, inadvertence or similar conduct not shown to be sufficiently culpable." *Denton v. Hyman (In re Hyman)*, 502 F.3d 61, 68-69 (2d Cir. N.Y. 2007) see also *Chitester v. Watterson (In re Watterson)*, 524 B.R. 445, 453 (Bankr. E.D.N.Y. 2015)

28. A failure to account is not sufficient to establish the culpability element required to sustain a cause of action for defalcation when that failure is predicated on mere negligence. It is for this Court to hear and determine whether Sanchez's failure to account was due to his own negligence or an intentional act of defalcation.

**As to the Judgment entered for Sanchez's Failure to Account**

29. The "accepted view is that the decision of issues not actually litigated, e.g., a default judgment, has no preclusive effect in other litigation." *Mishkin v. Gurian (In re Adler, Coleman Clearing Corp.)*, 205 Fed. Appx. 856 (2d Cir. N.Y. 2006) quoting Restatement (Second) of Judgments § 27 cmt. e (1982). Under New York law, collateral estoppel is a flexible doctrine and whether to apply it to a particular case depends on general notions of fairness involving a practical inquiry into the realities of the litigation." *Denton v. Hyman (In re Hyman)*, 502 F.3d 61, 66 quoting *Jeffreys v. Griffin*, 769 N.Y.S.2d 184 (2003).

30. In an action to determine discharge of a claim under 11 U.S.C. § 523 (a)(2)(4) and (6) a Bankruptcy Court declined to give preclusive effect to a State Court's finding that the debtor engaged in fraud where debtor defaulted on his discovery obligations on the advice of counsel and thereafter filed bankruptcy. *Chevy Chase Bank, FSB v Harkins (In re Harkins)* 302 BR 927 (2003, Bankr. Ct. MD Ga). Another Bankruptcy Court interpreting *Harkins* observed that "the state court [in the Harkins case] did not hear evidence to determine the amount of damages prior to entering the order which set the amount of the default judgment." *Bass v. Barber (In re Barber)*, 316 B.R. 391, 394 (Bankr. M.D. Ga. 2004).

31. In the State Court action Sanchez appeared *pro se* and was the only Defendant to appear for trial. Sanchez failed to submit any post-trial briefs and did not provide an accounting pursuant to the Order. Like in *Harkin,* the State Court did not hear any evidence to determine Plaintiff's damages. Rather, on default it entered the Judgment presented to it by the Plaintiff. It is submitted that had the accounting filed, and an inquest held, the Plaintiff's equity interest in Ceres would have been offset by the significant tax refunds that were utilized by the Plaintiff for his personal benefit.

## **CONCLUSION**

32. Plaintiff's motion for summary judgment should be denied. The record is devoid of any evidence linking Plaintiff's claim to the fraud he was found to have committed to induce Plaintiff to enter into a Settlement Agreement in the State Court Action. The Plaintiff's attempt to apply collateral estoppel to the State Court Findings as determinative on the issue of defalcation while acting in a fiduciary capacity should fail as the issues are not identical and the Plaintiffs damages were not actually litigated.

WHEREFORE, for the reasons as set forth hereinabove Sanchez respectfully requests that the Court deny the Plaintiff's motion for summary judgment and grant such other and further relief as the Court deems just and proper.

Dated: White Plains, New York
August 25, 2015

        REICH REICH & REICH, P.C.
        Attorneys for the Debtor

By: /s/Jeffrey A. Reich
     Jeffrey A. Reich
     235 Main Street, Suite 450
     White Plains, NY 10601
     (914) 949-2126